UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

STEVEN ABBOTT,

                                                  Plaintiff,

        -against-

NEW YORK CITY HEALTH AND HOSPITALS JACOBI MEDICAL CENTER,

                                                  Defendant.

------------------------------------------------------------------- x

**ANSWER TO THE COMPLAINT ON BEHALF OF NEW YORK CITY HEALTH AND HOSPITALS CORPORATION**

21-CV-1599 (VSB)

Jury Trial Demanded

        Defendant York City Health and Hospitals Corporation (hereinafter "H+H"), by their attorney, James E. Johnson, Corporation Counsel of the City of New York, for their answer to the complaint (hereinafter "complaint"), respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.     Deny the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue as stated therein.

        5.     Deny the allegations contained in paragraph "5" of the complaint, except admit that a document purporting to be a Notice of Right to Sue from the EEOC dated February 10, 2021 is attached to plaintiff's complaint.

6. Deny the allegations contained in paragraph "6" of the complaint, except admit that a document purporting to be a Notice of Right to Sue from the EEOC dated February 10, 2021 is attached to plaintiff's complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that the complaint was filed on February 23, 2021.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint, except admit that plaintiff self-identifies as a transgender man who was a temporary employee of H+H plaintiff and he purports to proceed as stated therein.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that H+H is a public benefit corporation that was established by state statute in 1969, the HHC Act, and respectfully refer the Court to N.Y. Unconsol. Laws §§ 7381, *et seq.*, for a complete and accurate statement of its contents.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that H+H is a public benefit corporation that was established by state statute in 1969, the HHC Act, and respectfully refer the Court to N.Y. Unconsol. Laws §§ 7381, *et seq.*, for a complete and accurate statement of its contents.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit plaintiff was retained on or about April 3, 2020 as a temporary clerical associate in the Emergency Department of Jacobi Hospital, through a temporary staffing agency, ExecuSearch.

12. Deny the allegations contained in paragraph "12" of the complaint.

- 3 -

13. Deny the allegations contained in paragraph "13" of the complaint, except admit plaintiff was retained on or about April 3, 2020 as a temporary clerical associate in the Emergency Department of Jacobi Hospital, through a temporary staffing agency, ExecuSearch.

14. Deny the allegations contained in paragraph "14" of the complaint, except admit plaintiff started work on or about April 3, 2020.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint, except admit plaintiff started work on or about April 3, 2020.

16. Deny the allegations contained in paragraph "16" of the complaint, except admit that Linda Morello referred to plaintiff by his preferred name, Steven, and used his preferred pronouns.

17. Admit the allegations contained in paragraph "17" of the complaint.

18. Deny the allegations contained in paragraph "18" of the complaint, except admit that plaintiff applied for a permanent position with H+H.

19. Deny the allegations contained in paragraph "19" of the complaint.

20. Deny the allegations contained in paragraph "20" of the complaint, except admit that plaintiff completed a pre-employment health screening with H+H's Office of Occupational Health Services ("OHS").

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint, except admit plaintiff emailed Linda Morello and JoAnne Sampson on June 11, 2020 and JoAnne Sampson scheduled a meeting with plaintiff.

25. Deny the allegations set forth in paragraph "25" of the complaint, except admit that on June 18, 2020 JoAnne Sampson offered to immediately take plaintiff to get a new ID card and began the process of changing plaintiff's email address to reflect his preferred name.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint, except admit that approximately five days later plaintiff was informed that his email address had been corrected.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint, except admit that plaintiff resigned approximately five days after June 18, 2020.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint, except admit plaintiff has received all of his paychecks for his work at H+H.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the complaint, except respectfully refer the Court to the section of the United States Code cited therein.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. In response to the allegations set forth in paragraph "43" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the complaint, except respectfully refer the Court to the section of the New York State Executive Law cited therein.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. In response to the allegations set forth in paragraph "48" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

49. Deny the allegations set forth in paragraph "49" of the complaint, except respectfully refer the Court to the section of the New York State Executive Law cited therein.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. In response to the allegations set forth in paragraph "53" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

54. Deny the allegations set forth in paragraph "54" of the complaint, except respectfully refer the Court to the section of the Administrative Code of the City of New York cited therein.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. State that the allegations set forth in paragraph "61" of the complaint are not averments of fact that require a response.

62. Deny the allegations set forth in paragraph "A" of the complaint, except admit that plaintiff purports to seek the relief stated therein.

63. Deny the allegations set forth in paragraph "B" of the complaint, except admit that plaintiff purports to seek the relief stated therein.

64. Deny the allegations set forth in paragraph "C" of the complaint, except admit that plaintiff purports to seek the relief stated therein.

65. Deny the allegations set forth in paragraph "D" of the complaint, except admit that plaintiff purports to seek the relief stated therein.

66. Deny the allegations set forth in paragraph "E" of the complaint, except admit that plaintiff purports to seek the relief stated therein.

67. Deny the allegations set forth in paragraph "F" of the complaint, except admit that plaintiff purports to seek the relief stated therein

## FIRST AFFIRMATIVE DEFENSE:

68. The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

69. At all times relevant to the acts alleged in the amended complaint, defendant's actions were reasonable, proper, lawful, constitutional, made in good faith for non-retaliatory, legitimate, business reasons, and without malice and/or without willful intent to violate any applicable law, rule, or regulation.

## THIRD AFFIRMATIVE DEFENSE:

70. Plaintiff has failed to comply with New York General Municipal Law § 50(e), *et seq*.

## FOURTH AFFIRMATIVE DEFENSE:

71. Plaintiff's claims are barred, in part, by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE:

72. Plaintiff has failed to mitigate his alleged damages.

## SIXTH AFFIRMATIVE DEFENSE:

73. Defendant had legitimate, non-retaliatory, non-discriminatory business reasons for all actions taken concerning plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE:

74. Any damages sustained by plaintiff were caused by plaintiff's own negligent or otherwise culpable conduct.

**EIGHTH AFFIRMATIVE DEFENSE:**

75. The complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

**NINTH AFFIRMATIVE DEFENSE:**

76. The conduct complained of may consist of nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences, and thus plaintiff's claims under the New York City Human Rights Law must be dismissed.

**WHEREFORE**, Defendant New York City Health and Hospitals Corporation request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         May 14, 2021

JAMES E. JOHNSON
Corporation Counsel of the
City of New York
*Attorney for Defendant New York City Health and Hospitals Corporation*
100 Church Street, Rm. 2-140
New York, New York 10007
(212) 356-3514
amitchel@law.nyc.gov

By: _____
Alison S. Mitchell
*Assistant Corporation Counsel*

cc: **<u>Via ECF</u>**
Phillips & Associates
Marjorie Mesidor
*Attorneys for Plaintiff*
585 Stewart Avenue, Suite 410
Garden City, New York 11530

Docket No. 21-CV-1599 (VCB)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| STEVEN ABBOTT,<br>              Plaintiff,<br><br>       -against-<br><br>NEW YORK CITY HEALTH AND HOSPITALS JACOBI MEDICAL CENTER,<br><br>              Defendant. |
| **ANSWER TO THE COMPLAINT ON BEHALF OF NEW YORK CITY HEALTH AND HOSPITALS CORPORATION** |
| **JAMES E. JOHNSON**<br>Corporation Counsel of the City of New York<br>*Attorney for Defendant New York City Health and Hospitals Corporation*<br>*100 Church Street*<br>*New York, New York 10007*<br><br>Of Counsel: Alison S. Mitchell<br>Tel: (212) 356-3514<br><br>LM #: 2021-008294 |
| *Due and timely service is hereby admitted.*<br><br>*New York, New York. ............................................ May 14, 2021*<br><br>*............................................................... Alison S. Mitchell Esq.*<br><br>*Attorney for Defendant   New York City Health and Hospitals Corporation* |

- 10 -